# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-247 |
| RAMON PELAYO-ALVAREZ<br>    a/k/a "Dylan Ortega Arias" | : | |

## UNITED STATES' PLEA MEMORANDUM

### Introduction

Defendant Ramon Pelayo-Alvarez, through counsel, has indicated his desire to plead guilty to the pending indictment without a plea agreement. Pelayo-Alvarez will plead guilty to Count 1 of the indictment, charging him with being an alien who illegally reentered the United States following deportation or removal, and did so without the permission of the Attorney General or the Secretary for Homeland Security, in violation of Title 8, United States Code, Section 1326(a). This charge arose from the defendant having been found in West Chester, Pennsylvania, on December 10, 2018, after having illegally reentered the United States following two prior removals. The Court has set Pelayo-Alvarez's plea hearing for Thursday, May 23, 2019 at 2:00 PM.

1

## I. MAXIMUM PENALTIES

The Court may impose the following statutory maximum sentence on Count 1 (illegal reentry after deportation): 2 years imprisonment, a $250,000 fine, one year of supervised release, and a $100 special assessment.

## II. ELEMENTS OF THE OFFENSE

In order to prove a violation of 8 U.S.C. § 1326(a), illegal reentry after deportation, as relevant here, the government must prove the following:

1. The defendant is an alien;

2. The defendant was previously deported, excluded or removed;

3. The defendant was thereafter found in the United States; and

4. The defendant did not have the Attorney General's or the Secretary of Homeland Security's consent to apply for admission to the United States.

## III. FACTUAL BASIS FOR PLEA

If this case were to proceed to trial, the government would be able to prove each element of the crime charged beyond a reasonable doubt. The government's evidence would consist of both testimonial as well as physical evidence. The government would prove the following:

On December 10, 2018, an Immigration and Customs Enforcement Deportation Officer encountered Pelayo-Alvarez in West Chester, Pennsylvania.

The government would show certain facts establishing his prior removals through records of the Immigration Service. On April 7, 2009, U.S. Border Patrol agents encountered Pelayo-Alvarez near Pearce, Arizona. Border Patrol agents initiated expedited removal proceedings. On April 8, 2009, Immigration officials removed Pelayo-Alvarez to Mexico. On May 17, 2013, a Border Patrol agent encountered Pelayo-Alvarez near Douglas, Arizona. Border Patrol agents reinstated Pelayo-Alvarez's prior order of removal. On May 19, 2013, Immigration officials removed Pelayo-Alvarez to Mexico. Each time he was deported or removed, Immigration officials also served Pelayo-Alvarez with a form that advised him that he could not reenter the United States.

Pelayo-Alvarez returned to the United States following the 2013 removal. He told the Deportation Officer here that he most recently returned to the United States illegally from Mexico when he crossed the border in Texas without inspection in May, 2018.

The government would show that Pelayo-Alvarez is the same person whom the Immigration Service removed and deported in 2009 and 2013. Pelayo-Alvarez's name and photo on Forms I-205 show him to be the same person who was removed on those dates. His identifying information from prior removals matches his identifying information here. In addition, the fingerprint taken from Pelayo-Alverez at the time he was removed in 2013 (as placed on Form I-205) was identical with the fingerprint taken from Pelayo-Alverez by ICE officers here. This conclusion was reached upon examination by a Fingerprint Specialist from the Department of Homeland Security's Forensic Laboratory.

Pelayo-Alvarez is an alien. Pelayo-Alvarez has admitted that he is a native and citizen of Mexico. He disclosed his alienage to a Deportation Officer on December 10, 2018, in a

Mirandized statement, and in previous statements.  Pelayo-Alvarez confirmed that he is in fact Ramon Pelayo-Alvarez, that he is a native and citizen of Mexico, and that he was previously removed from the United States.  He also admitted that he entered the United States illegally.

A search of the agency's records determined that Pelayo-Alvarez did not apply for permission to enter the United States following his removal.

### IV. PLEA AGREEMENT

There is no plea agreement in this case.   The defendant has indicated that he will plead guilty to the one count of the indictment without a plea agreement.

Respectfully Submitted,

WILLIAM M. McSWAIN
United States Attorney


_____/s/  Albert S. Glenn_____
ALBERT S. GLENN
Assistant United States Attorney


Date:  May 20, 2019

# CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of

**UNITED STATES' PLEA MEMORANDUM**

to be served by email and mail on the following:

Maria A. Pedraza
Assistant Federal Defender
Defender Association of Philadelphia, Federal Court Division
The Curtis Center Building
601 Walnut Street, Suite 540 West
Independence Square West
Philadelphia, PA 19106

                                                           /s/ *Albert S. Glenn*
                                                   ALBERT S. GLENN
                                                   Assistant United States Attorney

Date:     May 20, 2019