IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-247 |
| RAMON PELAYO-ALVAREZ | : | |

**UNITED STATES' SENTENCING MEMORANDUM**

Ramon Pelayo-Alvarez, a native and citizen of Mexico, illegally reentered the United States after having been twice previously deported. Pelayo-Alvarez did not seek the required permission to apply for admission to this country. For these reasons, as well as for the reasons provided below, the government recommends a custody sentence within the advisory guideline range of 21-24 months. The Court has scheduled Pelayo-Alvarez's sentencing hearing for Thursday, July 18, at 2:00 PM.

I. BACKGROUND

On May 23, 2019, Pelayo-Alvarez pleaded guilty to one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a), without a plea agreement. During his plea colloquy, the defendant indicated that he had no questions about the government's factual statement.

On December 10, 2018, an Immigration and Customs Enforcement Deportation Officer encountered Pelayo-Alvarez in West Chester, Pennsylvania. Immigration and Customs

-1-

Enforcement (ICE) had twice previously deported Pelayo-Alvarez to Mexico, once on April 8, 2009 and again on May 19, 2013. Pelayo-Alvarez returned to the United States following the 2013 removal. He told the Deportation Officer in this matter that he most recently returned to the United States illegally from Mexico when he crossed the border in Texas without inspection in May, 2018. Pelayo-Alvarez has admitted in a Mirandized statement in December 2018, and in previous statements, that he is a native and citizen of Mexico, and that he was previously removed from the United States. He also admitted that he entered the United States illegally. ICE's search of agency records determined that Pelayo-Alvarez did not apply for permission to enter the United States following his removal.

II. SENTENCING CALCULATION.

A. Statutory Maximum Sentence.

The statutory maximum sentence that the Court may impose here is two years imprisonment, a $250,000 fine, one year of supervised release, and a $100 special assessment.

B. Sentencing Guidelines Calculation

The Probation Officer in the Presentence Report (PSR) correctly set forth the guideline calculation as follows:

| | | |
|---|---|---|
| 2L1.2(a) | 8 | Base offense level |
| 2L1.2(b)(3)(C) | +6 | Conviction for felony offense |
| 3E1.1(a) | -2 | Acceptance of responsibility |
| TOTAL | 12 | |

PSR ¶¶ 15-24.

The presentence report properly determined that Pelayo-Alvarez had seven criminal history points, and is in criminal history category IV. PSR ¶ 30. His sentencing guideline range is therefore **(12, IV) = 21-24 months**. PSR ¶ 60.

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced; . . .

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[1]

A full review of all pertinent factors supports the conclusion that a sentence within the guideline sentencing range is appropriate in this case.

III.     ANALYSIS

A     Application of the § 3553(a) Factors.

The defendant engaged in a significant offense.   As an alien, he was not entitled to remain in the United States, and was not permitted to come to this country without permission. By entering this country illegally, Pelayo-Alvarez sought to pierce the border integrity this country seeks to maintain.   He was twice previously deported and he re-entered without permission to do so after each deportation.   His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense as directed by § 3553(a)(1) counsels in favor of a within-guideline sentence.

Given Pelayo-Alvarez's offense in reentering the United States after deportation, deterring further similar conduct and promoting respect for the law become significant factors in

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."   The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"   United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

his sentencing.  A within-guidelines sentence will accomplish both purposes and is an appropriate imposition here.

   A within-guidelines sentence is appropriate here because of Pelayo-Alvarez's criminal history as well.  He has committed three separate criminal violations of Driving Under the Influence in January 2015, August 2015, and October 2018.  PSR ¶¶ 26-28.  Each resulted in a criminal conviction in Chester County.  *Id.*  The criminal history points that resulted from these convictions are why Pelayo-Alvarez's guideline range is at the top of the statutory maximum sentence for the present offense.  All of these DUI violations – serious threats to the safety of the public in Chester County – occurred after he re-entered the United States following his being twice removed by ICE in 2009 and 2013.  Given this criminal history and Pelayo-Alvarez's threats to public safely after his prior removals, a within-guideline sentence is appropriate.

   A significant sentence is called for to deter future re-entry violations by this defendant.  He has twice reentered after being deported.  This speaks to the need for a significant sentence to provide deterrence from again illegally reentering the United States.  The fact of a prison sentence here, and the prospect of an even more severe sentence if he illegally re-enters the United States again, will deter Pelayo-Alvarez from reoffending.  There may also be some deterrent effect on others by their knowing that United States Courts will impose custody sentences for illegal re-entry.

   There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner . . . ."  § 3553(a)(2)(D).  Also, restitution is not an issue in this case.  § 3553(a)(7).

With respect to supervised release, the Guidelines counsel that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. §5D1.1(c); PSR ¶82.  There is no need to impose a term of supervised release here.

## Conclusion

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guidelines sentence.  For all of these reasons, the government respectfully recommends that the Court sentence the defendant within the guideline range of 21-24 months.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


  /s/ Albert S. Glenn
ALBERT S. GLENN
Assistant United States Attorney

Dated:   July 11, 2019

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of

**UNITED STATES' SENTENCING MEMORANDUM**

to be served by electronic filing and electronic notice, and by U.S. Mail, to the following:

Maria Antoinette Pedraza
Assistant Federal Defender
Defender Association of Philadelphia, Federal Court Division
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

Christopher L. Boyer
United States Probation Officer
William J. Green Federal Building
600 Arch St., Suite 2400
Philadelphia, PA   19106-1797

       _s/ Albert S. Glenn_
       ALBERT S. GLENN
       Assistant United States Attorney

Date:   July 11, 2019